# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**KOSTMENSKY NOBLES, #53449**                                            **PETITIONER**

**VS.**                                    **CIVIL ACTION NO.: 3:05cv600-WHB-JCS**

**CHRISTOPHER EPPS, CAPTAIN CHUCK**
**ABRAMS, and JIM HOOD, Attorney General**                        **RESPONDENTS**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Kostmensky Nobles signed his Petition for Writ of Habeas Corpus in this cause on September 23, 2005, and it was received and filed by the Clerk of this Court on October 5, 2005. It is now before the undersigned upon the Respondents' "Motion to Dismiss Pursuant to §2244(d)," filed on January 9, 2006, and the Petitioner's response to the motion filed on February 13, 2006. According to the Respondents, Nobles' petition was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and should be dismissed for that reason and not considered on the petition's merits.

On October 10, 2002, Nobles was convicted by a jury of the Pike County Circuit Court of distribution of cocaine (Count I) and conspiracy to distribute cocaine (Count II). He was subsequently sentenced as a habitual offender to serve a term of thirty (30) years on Count I and a consecutive sentence of ten (10) years on Count II in prison in the custody of the Mississippi Department of Corrections. **Exhibit A to Respondents' Motion to Dismiss.** The court directed

that the first fifteen (15) years on Count I and the ten (10) years on Count II were to be served without possibility of parole, probation or early work release.  **Exhibit A.**[1]

Nobles perfected a direct appeal, and on August 3, 2004, the Mississippi Court of Appeals affirmed his judgment of conviction and sentence in a written opinion.  **Nobles v. State**, 879 So.2d 1067 (Miss. App. 2004) (Cause No. 2002-KA-02012-COA).  After the decision was rendered by the court of appeals, Nobles did not seek the discretionary review provided for in the state court system.  To do so, he should have filed a motion for rehearing in the court of appeals within fourteen days as provided for in Mississippi Rule of Appellate Procedure 40, and then petitioned the Mississippi Supreme Court for a writ of certiorari asking that the court of appeal's decision be reversed.

On July 18, 2005, Nobles filed an "Application for Leave to File Motion for Post-Conviction Relief in Trial Court" in the Mississippi Supreme Court.  **Exhibit C**.  The court denied the application by Order filed August 15, 2005, so the motion was pending for twenty eight (28) days.  **Exhibit D.**

On September 23, 2005, Nobles signed his Petition for Writ of Habeas Corpus in the instant cause, and this petition was received by the Clerk of the Court and filed on October 5, 2005.  As grounds for relief, Nobles contended that he was denied due process of law in his sentencing because a jury was not allowed to determine whether his punishment should have been enhanced.

---

[1] Unless otherwise noted, all Exhibits are those exhibits referred to in the Respondents' Motion to Dismiss.

By Order filed October 24, 2005, the Respondents were directed to file an Answer in this cause, and they responded by filing the instant "Motion to Dismiss Pursuant to § 2244(d)," on January 9, 2006.

The Respondents assert that the instant petition is barred by the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d). This statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Respondents contend that Nobles' conviction became final **under AEDPA** on August 17, 2004, which was fourteen days **after** the Mississippi Court of Appeals affirmed his conviction on August 3, 2004.    MISS. R.APP.P. 40 provides an appellant fourteen days after a decision on the merits to file a motion for rehearing, and this is a mandatory step to continue in the discretionary review process afforded in the Mississippi appellate procedure.  The failure to file this motion "stops the appeal process" and the appellant is unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for writ of certiorari or review in the United States Supreme Court by way of a petition for writ of certiorari.   By failing to file this motion, Nobles effectively waived his right to seek a writ of certiorari from the Supreme Court.  **Roberts v. Cockrell**, 319 F.3d 690, 694 (5th Cir. 2003).  The Respondents cite **Roberts** for interpreting §2244(1)(A):  if a defendant stops the appeal process, the conviction became final when the time for seeking further direct review in the state court expires.  **Id.** at 694.

The Respondents assert that the AEDPA statute began running on that date, August 17, 2004, and continued running until July 18, 2005, when the Petitioner filed his post-conviction motion.  The statute was tolled for the twenty eight (28) days that this motion was pending in the Mississippi Supreme Court.  It commenced running again when that court denied the motion on August 15, 2005, and continued running until September 14, 2005,  the date the Respondents contend the petition was due (one year from August 17, 2004, plus 28 days).  According to the Respondents, the petition was filed between nine and twenty-one days too late.

In his response, Nobles contended that the United States Supreme Court cases of **Blakely v. Washington**, 542 U.S. 296 (2004), and **Apprendi v. New Jersey**, 530 U.S. 466 (2000), were

4

"intervening decisions" sufficient to trigger Section 2244(d)(1)(C) of AEDPA. That section provides that the limitations period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court." **Apprendi** was decided on June 26, 2000, and **Blakely** was decided on June 24, 2004. Accordingly, these cases pre-date the expiration of Nobles' limitations period of September 14, 2005, and were rendered even before the court of appeals affirmed Nobles' conviction. The law as set forth by the Supreme Court in these cases was established **prior** to the running of the statute. The Petitioner argued the law set forth in these cases in his post-conviction motion, and his position was rejected by that court.

The cases cited by the Petitioner do not affect the timeliness of his Petition. In his response, Nobles is actually arguing the **merits** of his claim that his enhanced sentence was illegal; he does not actually address the timeliness of his Petition. Nobles apparently believes that because his post-conviction motion was not time-barred under state law, this federal petition, filed within a year of the state court's decision, is also timely. This is not the law regarding the AEDPA limitations period. The Petitioner has failed to rebut the calculations set forth in the motion.

We have considered the facts in Nobles' case, the assertions contained in the Respondents' motion, and the applicable law. Our review leads to the conclusion that the assertions and calculations contained in the Respondents' motion are meritorious and accurate, and that Nobles' petition must be dismissed as untimely filed under AEDPA. Nobles' judgment of conviction "became final" for purposes of commencing the AEDPA statute of limitations on August 17, 2004, which is fourteen days after the court of appeals rendered its decision affirming his conviction.

This fourteen day period is the time allowed under MISS. R.APP.P. 40 for the petitioner to request rehearing of the decision of the Mississippi Court of Appeals.

As the Respondents point out, in **Roberts v. Cockrell**, 319 F.3d 690, 694 (5th Cir. 2003), the Fifth Circuit Court of Appeals clarified the law for purposes of calculating the limitations period for AEDPA and for determining when a state conviction becomes final for the purposes of § 2244 (d)(1)(A). The Court held that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the "conclusion of direct review" is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review." We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. **If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires**. This holding is consistent with our previous decision in *Flanagan,* where finality was established by the expiration of the ninety-day period to seek further review with the Supreme Court rather than the date the conviction became final for purposes of state law.

*Id.* at 694.  *(Citations omitted, emphasis added).  See also,***Ruffin v. Cockrell**, 2003 WL 967401 (N.D. Tex., March 3, 2003) (petitioner's conviction became final thirty days after his conviction and sentence affirmed, the time period he had for filing discretionary review under state law); **Taff v. Cockrell**, 2003 WL 292123 (N.D. Tex., Feb. 10, 2003) (a timely appeal, later determined to be defective, nevertheless delays commencement of AEDPA limitations because it extends expiration of time for seeking direct review, and, therefore, finality of judgment of conviction).

As stated, Nobles utilized the state direct review process through the court of appeals, obtaining a final decision on August 3, 2004.  However, he **stopped the appeal process before the conclusion of direct review**, as he could have asked for rehearing under MISS. R.APP.P. 40 within fourteen days from the decision.  Had he asked for rehearing, Nobles then could have requested a writ of certiorari to the Mississippi Supreme Court under MS. R.APP.P. 17(b) within fourteen days of being denied a rehearing.  Under **Roberts**, for AEDPA purposes, the conviction becomes "final" when the "time for seeking further direct review in the state court expires."  *Id.*  Accordingly, this is fourteen days after August 3, 2004, or August 17, 2004, as the Respondents contend.  The AEDPA statute ran from that date, tolled only for the twenty eight (28) days that Nobles' post-conviction motion was pending, and expiring on September 14, 2005.

Nobles' petition in this cause was not filed until sometime between September 23, 2005,[2] [the date he purportedly signed the petition] and October 5, 2005 [the date the petition was received by the Clerk of this Court].  This filing was at least nine (9) days late (September 14, 2005 --- September 23, 2005) for the purpose of meeting the AEDPA limitations statute.  Nobles has not set forth any facts which would support either an equitable or statutory tolling of the AEDPA statute.

---

[2] The Petition was purportedly signed on September 23, 2005, and it was actually received by the Clerk of this Court on October 5, 2005.  Under **Coleman v. Johnson**, 184 F.3d 398, 401, *rehearing and rehearing en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000) (citing **Spotville v. Caine**, 149 F.3d 374, 376-78 (5th Cir. 1998), the "mailbox rule" applies, and a federal habeas petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court.  Under either formula, the Petition is untimely.

It is the recommendation of the undersigned United States Magistrate Judge that the Respondents' "Motion to Dismiss Pursuant to § 2244(d)," [#6] be **granted,** and that the Petition for Writ of Habeas Corpus filed by Kostmensky Nobles be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. § 2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636,**Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 18th day of May, 2006.


                S/ James C. Sumner
                UNITED STATES MAGIST7RATE JUDGE